DEAN, Petitioner, v. SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent.*

No. 8412; December 14, 1882.

**Administrators—Decree of Settlement—Setting Aside—Appeal.**
The action of the superior court in declaring void a decree of settlement of account, distribution and discharge, and in setting aside the decree, is not subject to appeal but writ of review.

**Administrators—Final Account—Notice.—**If an executor gives notice of the filing of his final account and of a day fixed for its settlement, this would mean filed for final settlement, and would mislead nobody; so, too, a notice given that with such final account a petition for distribution is filed; this would mean for final distribution.

*For subsequent opinion in bank, see 63 Cal. 473.

Canfield for petitioner; Stratton for respondent.

MYRICK, J.—This is a proceeding, by writ of review, to review the action of the superior court in declaring a decree of settlement of account, distribution and discharge to be void, and in setting the decree aside.

The superior court, after hearing the evidence, found that the executor rendered a final account for settlement, and at the same time filed a petition for the distribution of the estate; that the final account was for a final settlement, and the petition for distribution was for a final distribution of the estate; that the record shows that the notice of the settlement of the account did not state that the account was for a final settlement or that the petition was for a final distribution; and, as conclusion of law, the court found the decree void. The findings contain nothing as to the facts not appearing in the record, upon which it was claimed that the decree should have been set aside; and although the court subsequently heard evidence upon such alleged facts, and in the recitals of the decree stated that the matters alleged in the petition were true, yet it does not appear that in the settlement of the account the court was imposed upon by false testimony; the court, in the proceedings subsequent to the finding that the decree was void, seems to have heard the case and determined it upon the idea that there was no decree of settlement, distribution or discharge.

The notice for settlement and distribution referred to in the findings reads: "Notice is hereby given that E. W. Dean, executor of the estate of Horace W. Dean, deceased, having filed in this court his final account and petition for distribution," etc., naming the time and place of hearing. The section under which the proceedings were had, section 1694, Code of Civil Procedure, reads: If the account rendered for settlement "be for a final settlement, and a petition for the final distribution of the estate be filed with said accounts, the notice of the settlement must state those facts," etc. The objection to the notice, and hence to the decree based thereon, seems to be that the notice did not state that the account was rendered for a final settlement, and that the petition filed was for a

final distribution. We think the objection is too critical. The notice did state that a final account had been filed, and that there was a petition for distribution. We think that in the orderly proceedings for the settlement of an estate, when notice is given that a final account has been filed, and of the day fixed for its settlement, notice is given that it is filed for final settlement, and no one would be misled; and when notice is given that with such final account there is filed a petition for distribution, notice is given that it is for a final distribution.

We think the court erred in its conclusions of law as to the validity of the decree; therefore the order adjudging it to be void is annulled. We express no opinion as to any other branch of the case, except to say that the order complained of is not an appealable order (Code Civ. Proc., sec. 963, subd. 3), and the writ of review is the appropriate remedy.

We concur: Sharpstein, J.; Thornton, J.